### 13057.  KEEN v. JUSTICE COURT, 1600th DISTRICT, G. M.

HILL, J.  A fi. fa. for the costs accruing to the officers of the court in a case tried in the justice's court of the 1600th district, G. M., Wheeler county, was duly issued by the notary public and ex-officio justice of the peace who presided in that court in the trial of the case in which the costs accrued, and the fi. fa. was levied by the constable of the district upon certain property, which thereupon was claimed by the plaintiff in error, and the claim was returned to the justice's court by the constable, and on the trial of the claim before the justice of the peace of the district, the verdict was adverse to the claimant.  He presented to the judge of the superior court a petition for certiorari. The justice of the peace who tried the claim case acknowledged service of notice of the sanction of the writ and of the time and place of hearing.  The judge of the superior court, on motion, dismissed the certiorari, because of failure on the part of the plaintiff in certiorari to give written notice of the sanction of the writ, and also of the time and place of hearing, to the opposite party in interest at least ten days before the sitting of the court to which the same was returnable as required by the Civil Code (1910), § 5190.  *Held:*

1. The judge of the superior court did not err in dismissing the certiorari for the reason assigned.  The execution for the costs was issued in favor of the officers of the court, in the name of the court for the use of such officers.  These were the notary public and ex officio justice of the peace who tried the claim case on which the execution was based and the constable of the court; and the notice of the time and place of hearing, as provided by the statute, should have been given to these officers and not to the justice of the peace, who had no interest in the case.

2. Justices of the peace and notaries public who are ex officio justices of the peace are separate and distinct officials, holding their respective courts monthly at the same time and place; and the notice of the sanction of the certiorari and of the hearing thereof should have been served upon the opposite party, whether he was the notary public and ex officio justice of the peace or the justice of the peace,— whoever heard the case which was the basis of the execution for the costs of court. Civil Code (1910), § 4698.

3. In the present instance the case was docketed as " F. B. Keen v. J. P. Court, 1600 Dist., G. M.," and the acknowledgment of service of the notice of sanction of the writ of certiorari and of the time and place of hearing was made by the justice of the peace of the said justice's court.  *Quære:* Could the court in which the case was tried be legally a party to the suit, and therefore served with the required notice of the sanction of the writ of certiorari ?

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 14, 1922.

Certiorari; from Wheeler superior court — Judge Graham. September 28, 1921.

*W. B. Kent,* for plaintiff in error.  *Hamilton Burch,* contra.